ALBANY,
Feb. 1826.

Cunningham
v.
Brown.

SEYMOUR *against* DEYO, Sheriff of Ulster.

IN debt for an escape, the plaintiff was nonsuited at the circuit, (March, 1824) and a case was made with a view to set the nonsuit aside, which was now on the calendar. After May term last, the plaintiff died ; and

C. H. *Ruggles,* now moved for a rule that the cause should be stricken off, and that the defendant have judgment for costs.

The court will not hear a motion to set aside a nonsuit at the trial, the plaintiff having since died and the only effect obviously being merely to unsettle the question or costs.

*J. Sudam,* contra.

*Curia.* We cannot hear the question upon the nonsuit argued, merely to unsettle the question as to costs. This would be its only effect. Granting a new trial rests in the sound discretion of the court ; and we have refused to do this, where it was plain that the only effect would be a recovery of nominal damages. The present case is analogous in principle ; and the motion must be granted.

Rule accordingly.(*a*)

(*a*) Vid. *Brantingham* v. *Fay,* (1 John. Cas. 255.)

---

CUNNINGHAM *against* BROWN & M'KENZIE, manucaptors of SHEPHERD.

DEBT on recognizance of bail. The capias was returnable the 20th day of October last. Being served on the defendants, Mr. Bucklin, a commissioner to do the chamber duties of a judge of the Supreme Court, made an order on the 24th, for the plaintiff to show cause before him on the 27th, why an exoneretur should not be entered on the bail piece.

A judge at chambers, or a commissioner, &c., may order an exoneretur, on the discharge of the principal under the body act, in the same manner as on an actual surrender.

The discharge is conclusive, and cannot be questioned, as against the bail, for irregularity of fraud.

This order was founded on the discharge of Shepherd, the principal, under the act to abolish imprisonment for debt in certain cases, granted on the second day of July preceding Shepherd had gone to Michigan; and had been there most of the time since his discharge.

The order for the exoneretur was opposed, on the ground that the insolvent discharge was surreptitiously obtained; that the proceedings before the commissioner were irregular; and that the insolvent had fraudulently concealed his property, and made a false inventory, &c. so that the discharge was void by the statute. But Mr. Bucklin ordered the exoneretur on payment of costs.

*J. Platt* now moved to set it aside. He said a judge or commissioner has no power to order an exoneretur, especially during term time, as this was, without an actual surrender. And if the commissioner had the power to discharge, the papers before him showed that the discharge was fraudulent and void.

*D. Tillinghast* and *A. Spencer*, contra. No doubt, a judge at chambers may order an exoneretur on actual surrender. A discharge under the insolvent act is equivalent to a surrender. (1 Caine's Rep. 9, 10, 11.) It is the same thing in effect, and gives the judge jurisdiction. An actual surrender would have been a very idle ceremony; for, on producing the discharge to the gaoler, he could not have detained the principal, one moment.

This discharge was conclusive, at least, as respects the bail, who, it is not pretended, were parties to the irregularity or fraud; or even knew any thing about it. But the discharge cannot be questioned in this collateral way. It is so as to a discharge under the 2-3 act. (1 Cowen 50); and the rule in relation to the body act is the same, except on the mere question of holding to bail. (1 Cowen, 228.) They also cited 1 Tidd, 240, 1, 2.

For these reasons,

The Court were clear against the motion; and denied it with costs.

Rule accordingly.